IIowelt,, J.
On tlie lOtli February, 1859, four of the heirs of Widow Blanchard sold to tlie remaining eight lieirs, “all their right, title, claim and interest in and to the succession of their late mother, deceased, and consisting in lands, slaves and movable effects as set forth and described” in the act of sale, taking in part, payment twelve notes to secure the payment, of which “at maturity said land, slaves and movable effects shall remain specially mortgaged and hypothecated in favor of tlio vendors, or any holders of said notes. ” The vendees formed an ordinary partnership under tlie style of Y. Blanchard cfc Oo., which firm, on 23d February, 1859, borrowed $20,000 from Nelson Potts, iilaintiff. and mortgaged all tlie property which belonged to the succession, and the same as described in the first named act, to secure tlie payment of the note given for the loan.
Plaintiff brought this suit against all of the said heirs to have his mortgage decreed to have priority over that in favor of tlie said vendors, so far as tlie two-thirds of the property originally owned by said vendees were concerned. He subsequently filed a supplemental petition, asking for judgment against the members of the firm of V. Blanchard it Co., jointly.
Three of tlio said vendors deny tlie preference claimed by plaintiff, and aver that as holders of the notes taken by them they arc entitled to priority of rank over plaintiffs as mortgage creditors. The fourth one excepted to tlie action, alleging that slio has no interest., having parted with lier portion of the notes.
Judgment was rendered sustaining this exception, and rejecting plaintiff's demand of priority of rank, from which lie appealed as to tlio three heirs only, who answered.
Tlie question presented is one of construction of the act of mortgage, given by the purchasing heirs to tlieir vendors, tlie appellees—whether or not tlio whole property described in the act of sale and mortgage was mortgaged, or only the proportion or interest sold.
Wc think there can bo no doubt that the mortgage was intended to be, and was actually given upon the whole property, susceptible of mortgage, belonging to and constituting tlio succession inherited by tlie contracting parties*’, and which was described fully in said act. The vendors sold only their interest in said succession, tlio property in which that interest or right existed, and with reference to which the parties contracted, was the entire property of tlie succession, consisting of lands, slaves and movables, to all of which tlio vendees and mortgagors acquired a title by the act oí sale, and tlie clause establishing- a mortgage in favor of the vendors or other holders, stipulates that “ said land, slaves and movable effects shall remain specially mortgaged and hypothecated,” to secure tlio payment of the notes given. It does not say the proportion 'sold, but the property described, and tlie description is of the whole property.
The use of the word “remain,” makes it no less a contract of mortgage affecting- the property intended to be incumbered.
If any doubt existed, as to the interpretation of the mortgage clause, it should, we think, under Article 1952, C. C., be interpreted against the mortgagors, who are tlie obligors in the contract of mortgage, and whoso duty it was to expressly enumerate the property mortgaged, and to state *169 precisely the nature and situation thereof. Meo O. 0., Arts. 3273, 3271 and 3275. The act in this case does, however, state precisely tho nature, situation and quantity oí the property on which tho mortgage is granted, to wit: tho property belonging to the succession oí Widow Blanchard fully set forth and described in the act oí sale, tho interest in and to which of four of tho heirs was sold to tho remaining eight heirs, tho latter acquiring title to and mortgaging all of said property in tho same act.
The authorities cited by plaintiff do not sustain his position.
We cannot inquire into his demand for judgment on his supplemental petition against tho makers of tho note hold by him, as there in no appeal as to them.
Judgment affirmed, with costs.